IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | | |
|---|---|---|
| GARY LEE WEST | ) | Jury Trial Demanded |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 0922-CC09338 |
| | ) | |
| MATTHEWS INTERNATIONAL CORPORATION | ) | |
| | ) | |
| Defendant | ) | |

Serve:

CSC - Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

**PLAINTIFF'S PETITION**
**FOR VIOLATION OF MISSOURI'S HUMAN RIGHTS ACT**

**COMES NOW** Plaintiff, Gary Lee West, and for his cause of action against Defendant Matthews International Corporation states as follows:

1. Plaintiff is a resident of the State of Missouri.

2. Defendant Matthews International Corporation is a Pennsylvania corporation, registered to do business in the State of Missouri, with its principal place of business at Two Northshore Center, Pittsburgh Pennsylvania, 15212-5851 with a place of business in St. Louis County, State of Missouri.

3. Plaintiff Gary Lee West is a former employee of Matthews International Corporation.

4. Venue is proper in this Court pursuant to Section 508.010 R.S.Mo., in that the Defendant is not a resident of the State of Missouri, and as such suit may be brought in any

county in the state.

5. Plaintiff Gary Lee West was hired by Matthews International Corporation on, or about, January 4, 1982.

6. At all times relevant hereto, Plaintiff Gary Lee West was employed by Defendant Matthews International Corporation at its location in St. Louis County, Missouri.

7. As of January 1, 2008, Gary Lee West was working in the Defendant's plating department making printing plates used in the manufacture of commercial packaging.

8. In, or around June of 2008, Gary Lee West was transferred, without warning, to the Defendant's shipping department, where he shipped the Defendant's final product to its customers via Fed Ex and UPS.

9. At the time Plaintiff was transferred to the Defendant's shipping department the Defendant replaced Gary Lee West in the plating department with a new employee named Casey, who was in his late twenties or early thirties.

10. In September 2008, Gary Lee West was placed on a medical leave of absence.

11. In, or around, December 2008, while he was still out on medical leave, Gary Lee West was contacted by the Defendant and asked if he would like to retire.

12. In response to Defendant's inquiry as to retirement Gary Lee West stated that he did not wish to retire.

13. Gary Lee West returned to work from his medical leave of absence on, or about, January 5, 2009.

14. Shortly after returning to work for the Defendant, Gary Lee West was asked to train Casey to work in the Defendant's shipping department.

15. On January 29, 2009, the Defendant placed Gary Lee West on a "Permanent layoff due to staff reduction resulting in retirement effective February 1, 2009."

16. Gary Lee West was laid off before he was able to train Casey to work in the shipping department.

17. At the time he was laid off, Gary Lee West was fifty-eight years old, had twenty-years of seniority with the Defendant, and was one of the Defendant's oldest employees.

18. At the time he was laid off, Gary Lee West was physically capable, and qualified to work in the Defendant's shipping department, plating department and mounting department.

19. The Defendant kept younger workers, with significantly less seniority than Gary Lee West when it implemented its reduction in force, including Casey.

20. At the time he was laid off Gary Lee West was the only employee in the Defendant's shipping department.

21. Upon information and belief, Casey has replaced Gary Lee West in the Defendant's shipping department.

22. Defendant's decision to place Plaintiff on permanent layoff was because of Plaintiff's age in violation of Missouri's Human Rights Act, Section 213.010 R.S.Mo. *et seq*.

23. By reason of Defendant's violation of Missouri's Human Rights Act, Plaintiff has suffered actual damages from the loss of wages and benefits he would have been paid by Defendant which continue to increase to date.

24. By reason of Defendant's actions aforementioned Plaintiff has suffered emotional distress by reason of which Plaintiff has suffered damages.

25. The actions of Defendant were outrageous because of Defendant's evil motive or

reckless indifference to the rights of the Plaintiff by reason of which the Plaintiff is entitled to an award of punitive damages in order to punish the Defendant and to deter Defendant and others from like conduct.

**Wherefore**, Plaintiff Gary Lee West respectfully request this Court enter Judgment in his favor and against Defendant Matthews International Inc. as follows:

A.  Declare that the Defendant violated the Missouri Human Rights Act, Section 213.010 RSMo. *et seq.*;

B.  Award Plaintiff back pay and benefits from January 29, 2009 to the present;

C.  Award Plaintiff compensatory damages for emotional distress in an amount to be proven at trial;

D.  Award Plaintiff punitive damages in an amount to be proven at trial;

E.  Reinstate Plaintiff to employment with the Defendant, or in the alternative award him front pay until such time as he would have retired from the Defendant;

F.  Award Plaintiff his reasonable attorneys fees and costs; and

G.  Award such other relief as the Court deems proper.

Respectfully submitted,

SCHUCHAT, COOK & WERNER

J. Christopher Chostner (M.B.E. #57619)
George O. Suggs (M.B.E. #31641)
1221 Locust Street, Second Floor
St. Louis, MO 63103-2364
(314) 621-2626
FAX: 314-621-2378