UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY LEE WEST, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:09 CV 1867 DDN |
| MATTHEWS INTERNATIONAL CORP., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This action is before the court for a determination of plaintiff's entitlement to either reinstatement or an award of front pay. (Doc. 111.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.) A hearing was held on May 12, 2011.

**I. BACKGROUND**

On October 1, 2009, plaintiff Gary Lee West commenced this action in the Circuit Court of the City of St. Louis, alleging his previous employer, defendant Matthews International Corporation, violated the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq., by considering his age as a factor in terminating his employment during a reduction in force. (Doc. 1.) On November 13, 2009, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441, 1446, based on diversity of citizenship subject matter jurisdiction, 28 U.S.C. § 1332.

On April 7, 2011, following a four-day trial, a jury found in favor of plaintiff and awarded him $87,570.00 in compensatory damages. The jury awarded no punitive damages. The parties subsequently filed memoranda concerning plaintiff's entitlement to reinstatement or front pay, and the proper amount of front pay. (Docs. 111, 112, 114.)

## II. DISCUSSION

**A. Reinstatement or Front Pay**

In his initial post-trial memorandum plaintiff sought reinstatement. Defendant responded that it has no open positions in plaintiff's former department; that it has been weakened by adverse economic conditions; and that plaintiff's return would create "an awkward and unrewarding work environment," given plaintiff's conflict with his supervisor. In his reply, plaintiff agrees that reinstatement is neither practical nor feasible, and that front pay is appropriate.

"Reinstatement is the preferred remedy for unlawful employment discrimination, and front pay is the disfavored alternative." Brady v. Curators of Univ. of Missouri, 213 S.W.3d 101, 113 (Mo. Ct. App. 2006). An award of front pay is proper when reinstatement is not feasible, impossible, or otherwise impracticable. Id. at 113-14. Reinstatement is not feasible in situations "where the employer-employee relationship cannot be repaired," Gilliland v. Missouri Athletic Club, 273 S.W.3d 516, 524 (Mo. 2009) (en banc), and should not be compelled "where there is such hostility between the parties that a productive and amicable working relationship would be impossible." Denesha v. Farmers Ins. Exch., 161 F.3d 491, 501 (8th Cir. 1998).

The court agrees that front pay is the proper award. Although defendant is still in business, defendant has no comparable vacant positions to which plaintiff could be reinstated. As a result, an innocent employee would be displaced by reinstatement. Reinstatement would also cause an awkward and potentially hostile environment between plaintiff and his supervisor. See Ogden v. Wax Works, Inc., 29 F. Supp. 2d 1003, 1010 (N.D. Iowa 1998), aff'd 214 F.3d 999 (8th Cir. 2000).

Therefore, the court finds reinstatement impractical, and that an award of front pay is the appropriate remedy.

**B. Front Pay**

The parties have stipulated to calculations of possible front pay awards for periods of time until the agreed approximate date of plaintiff's retirement at age 65, August 26, 2015. (Doc. 120.) The parties dispute, however, the period of time plaintiff would reasonably

be expected to actually remain employed by defendant.  Plaintiff contends he is entitled to four years and three months of front pay until his retirement age.  Defendant argues that one year of front pay is appropriate, and that an award of front pay through plaintiff's retirement age would circumvent plaintiff's duty to mitigate damages and would ignore the likelihood that plaintiff's employment with defendant would have ended before retirement because of adverse economic conditions.

Front pay is "a lump sum . . . representing the discounted present value of the difference between the earnings [an employee] would have received in his old employment and the earnings he can be expected to receive in his present and future, and by hypothesis inferior, employment."  Gilliland, 273 S.W.3d at 520 n.3.  "Front pay should address equitable needs such as the ability to obtain employment with comparable compensation and responsibility . . . ."  EEOC v. HBE Corp., 135 F.3d 543, 555 (8th Cir. 1998).

"In calculating front pay, the court has the discretion to consider all the circumstances involved in determining appropriate equitable relief."  Denesha, 161 F.3d at 502 (internal quotation omitted).  Relevant circumstances include:

> (1) the plaintiff's age; (2) the length of time the plaintiff was employed by the defendant employer; (3) the likelihood the employment would have continued absent the discrimination; (4) the length of time it will take the plaintiff, using reasonable effort, to secure comparable employment; (5) the plaintiff's work and life expectancy; (6) the plaintiff's status as an at-will-employee; (7) the length of time other employees typically held the position lost; (8) the plaintiff's ability to work; (9) the plaintiff's ability to work for the defendant-employer; (10) the employee's efforts to mitigate damages; and (11) the amount of any liquidated or punitive damage award made to the plaintiff.

Ogden, 29 F. Supp. 2d at 1014-15 (internal citations omitted); Marez v. Saint-Gobain Containers, Inc., No. 4:09 CV 999 MLM, 2011 WL 1930706, at *9-10 (E.D. Mo. May 18, 2011).  In determining the proper amount of front pay, the court must be "mindful that front pay should not result in a windfall to plaintiff."  Marez, 2011 WL 1930706, at *10.

The plaintiff initially bears the burden of establishing the propriety of a front pay award.  Curtis v. Electronics & Space Corp., 113

F.3d 1498, 1503-04 (8th Cir. 1997). "[T]he burden then shifts to the defendant to prove it is inappropriate." Id. There is a presumption that the plaintiff would have worked for the defendant until reaching normal retirement age. Morse v. Southern Union Co., 174 F.3d 917, 927 (8th Cir. 1999); Curtis, 113 F.3d at 1504. The defendant bears the burden of proffering evidence to the contrary. Morse, 174 F.3d at 927.

After considering all relevant circumstances, the court finds an award of two and one-half years of front pay is the "monetary equivalent of reinstatement." Kramer v. Logan Cnty. Sch. Dist., 157 F.3d 620, 626 (8th Cir. 1998). Plaintiff will reach his normal retirement age of 65 in approximately four years and three months. Defendant has proffered post-trial evidence that adverse economic conditions forced the closure of some of its manufacturing facilities and the reduction of its workforce. This is consistent with the trial evidence that defendant transferred production activities from the Kansas City plant to the St. Louis plant. As a result, there is a reasonable likelihood that plaintiff's employment with defendant would have ended for non-discriminatory reasons before plaintiff reached his normal retirement age.

Further, while plaintiff testified to his unsuccessful efforts finding new employment, plaintiff has other employment experience. He worked as a store keeper and in assembly and production for other manufacturers before working for defendant. See Christensen v. Titan Distrib., Inc., 481 F.3d 1085, 1098 (8th Cir. 2007) ("When awarding front pay, a district court should consider the plaintiff's ability to find new employment with comparable compensation and responsibility.") (internal quotation omitted). A front pay award of two and one-half years will account for the probability of mitigation of future damages by reason of his obtaining other employment. Mathieu v. Gopher News Co., 273 F.3d 769, 782 (8th Cir. 2001); United Paperworkers Int'l Union, AFL-CIO, Local 274 v. Champion Int'l Corp., 81 F.3d 798, 805 (8th Cir. 1996).

### III. CONCLUSION

For the reasons set forth above and consistent with the verdict of the jury,

**IT IS HEREBY ORDERED** that plaintiff Gary Lee West is entitled to a judgment of

a) back pay in the amount of $87,570.00;
b) front pay in the amount of $103,363.50,[1] representing two and one-half calendar years from and after the date of the jury's verdict;
c) unpaid severance pay to which plaintiff would have been entitled had he not been unlawfully terminated, based on his past employment with defendant and the period thereafter for a period of two and one-half calendar years after the date of the jury's verdict;[2]
d) prejudgment interest on the total amount (back pay, front pay, and severance pay) from the date of his termination to the date of the judgment issued herewith;
e) post-judgment interest on the total amount (back pay, front pay, and severance pay) on and after the date the judgment is issued herewith at the rate prescribed by 28 U.S.C. § 1961; and
f) costs.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 15, 2011.

---

[1] This sum is the median between the parties' stipulated present values of wages for Year 2 and Year 3. See Doc. 120.

[2] See Doc. 114-4.