```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION
```

```
GARY LEE WEST,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 4:09 CV 1867 DDN
                                )
MATTHEWS INTERNATIONAL          )
CORPORATION,                    )
                                )
          Defendant.            )
```

**MEMORANDUM AND ORDER**
**REGARDING ATTORNEYS' FEES**

This action is before the court on the motion of plaintiff Gary Lee West for attorneys' fees. (Doc. 123.)

**I. BACKGROUND**

On October 1, 2009, plaintiff Gary Lee West commenced this action in the Circuit Court of the City of St. Louis, alleging his previous employer, defendant Matthews International Corporation, violated the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010, et seq., by considering his age as a factor in terminating his employment during a reduction in force. (Doc. 1.) On November 13, 2009, defendant removed the action to this court pursuant to 28 U.S.C. §§ 1441, 1446, based on diversity of citizenship subject matter jurisdiction, 28 U.S.C. § 1332.

On April 7, 2011, following a four-day trial, a jury found in favor of plaintiff and awarded him $87,570.00 in compensatory damages. The jury awarded no punitive damages. On June 15, 2011, the court entered a judgment in favor of plaintiff of: (a) $87,570.00 in back pay; (b) $103,363.50 in front pay; (c) unpaid severance to which plaintiff would have been entitled; (d) prejudgment interest for the back pay, front pay, and severance pay; (e) post-judgment interest for the back pay, front pay, and severance pay; and (f) costs. (Docs. 121, 122.) Plaintiff subsequently moved for attorneys' fees. (Doc. 123.)

## II.  DISCUSSION

Generally, a court should award costs and reasonable attorneys' fees to a prevailing plaintiff in an MHRA case "unless special circumstances would render such an award unjust." McCrainey v. Kansas City Mo. Sch. Dist., 337 S.W.3d 746, 756 (Mo. Ct. App. 2011) (citation omitted); see Mo. Rev. Stat. § 213.111(2).  The parties do not dispute the general propriety of plaintiff's recovery of attorneys' fees.  The court concludes from the record that no circumstances are present that warrant departure from the general rule.  Therefore, plaintiff is entitled to recover reasonable attorneys' fees.

The starting point for determining the amount of reasonable attorneys' fees is the lodestar amount, which is calculated by multiplying the number of hours reasonably expended in the prevailing party's legal representation by a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Hanig v. Lee, 415 F.3d 822, 825 (8th Cir. 2005).  The Supreme Court has recently described the lodestar amount as a fee "that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010).  Further, a "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case."  Id.  And a "reasonable" fee is not intended to be "a form of economic relief to improve the financial lot of attorneys." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986).

**A.  Hourly Rate**

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, the ordinary rate for similar work in the community where the case has been litigated." Moysis v. DTG Datanet, 278 F.3d 819, 828-29 (8th Cir. 2002) (citation omitted); accord Emery v. Hunt, 272 F.3d 1042, 1048 (8th Cir. 2001).  "[W]hen fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates." Warnock v. Archer, 397 F.3d 1024, 1027 (8th Cir. 2005).  Reasonable hourly rates should reflect the value of each respective attorney's

experience and expertise in the relevant market, the metropolitan St. Louis area.  Id.  The fee applicant bears the burden of producing sufficient evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

Plaintiff's counsel seek the following hourly fee rates for their work in this case: Attorney George Suggs:  $400/hour, and Attorney Christopher Chostner:  $300/hour.  Mr. Suggs has practiced law for thirty years, and has been a partner at the law firm of Schuchat, Cook & Werner since 2003.  (Doc. 124-2, Suggs aff. at ¶¶ 1-3.)   Mr. Chostner has practiced law for six years, and is an associate at Schuchat, Cook & Werner.  (Doc. 124-3, Chostner aff. at ¶¶ 1, 2.)   Plaintiff's counsel have filed affidavits in which they attest to their belief that the proposed fees are reasonable, as well as an affidavit from local attorney Mary Anne Sedey, in support of the requested hourly rates.  (Docs. 124-2, 124-3, 124-4.)

Defendant argues that plaintiff's attorneys requested hourly rates are excessive.  Defendant believes that hourly rates of $159 and $140 for Mr. Suggs and Mr. Chostner, respectively, are appropriate.  Defendant argues that the rates suggested by plaintiff are not based on agreed hourly rates with plaintiff nor are they what plaintiff's attorneys customarily charge.  Rather, hourly rates of $159 and $140 reflect fee requests made in other cases by Mr. Chostner and other attorneys of his law firm.

Over the last four years, this court has found hourly rates ranging from $195 to $450 reasonable in similar cases.  See Marez v. Saint-Gobain Containers, Inc., No. 4:09 CV 999 MLM, 2011 WL 1930706, at *12 (E.D. Mo. May 18, 2011) (hourly rate of $350 not questioned by defendant; supporting factors were that counsel was a sole practitioner and the rate requested was a contingent fee); Betton v. St. Louis Cnty., No. 4:05 CV 1455 JCH, 2010 WL 2025333, at *4 (E.D. Mo. May 19, 2010) (hourly rates of $195, $260, $400, and $450; the latter two rates being supported by affidavits of local attorneys); Murphy v. Fedex Nat'l LTL, Inc., No. 4:07 CV 1247 JCH, 2009 WL 1939957, at *3 (E.D. Mo. July 2, 2009) (hourly rate

of $400; contrary argument that EEOC experience was irrelevant was rejected); Finan v. Good Earth Tools, Inc., No. 4:06 CV 878 CAS, 2008 WL 1805639, at *13 n.7 (E.D. Mo. Apr. 21, 2008) (hourly rate of $250 approved as a reasonable rate for an experienced partner practicing employment law in St. Louis area); Katoch v. Mediq/PRN Life Support Servs., Inc., No. 4:04 CV 938 CAS, 2007 WL 2434052, at *10 n.11 (E.D. Mo. Aug. 22, 2007) (taking judicial notice that an hourly rate of $250 is a reasonable rate for an experienced partner practicing employment law in the St. Louis area); Day v. Robinwood West Community Improvement District, No. 4:08 CV 1888 ERW, Doc. 74 (E.D. Mo. Sept. 20, 2010) ($225 per hour rate approved); Phelps-Roper v. City of Manchester, No. 4:09 CV 1298 CDP, 2010 WL 4628202, at *2 (E.D. Mo. Nov. 8, 2010) ($225 per hour rate approved for the same attorney in Day v. Robinwood).  In 2009, the Missouri Court of Appeals affirmed an hourly rate of $400 for experienced counsel, including attorney Mary Ann Sedey, in a case brought under the MHRA. Alhalabi v. Mo. Dep't of Nat. Res., 300 S.W.3d 518, 531 (Mo. Ct. App. 2009).

Plaintiff's counsel do not dispute that they sought lower hourly rates in other labor law cases.  They explain that their hourly rates are higher in employment discrimination cases, where their fees are contingent on the outcome, than in the ERISA employer welfare fund contribution cases cited by defendant, where they charge hourly rates for established clients who pay the hourly rates regardless of the outcome.

A reasonable hourly rate is based on "the ordinary rate for similar work."  Moysis, 278 F.3d at 828-29.  The court concludes that plaintiff's counsel should not be limited to their hourly rates charged in cases cited by defendant.  The economic factors that drive attorney and law firm billing rates in cases where regular clients have contracted to pay for services rendered differ from those where unique clients' ability to pay for services rendered is affected by the outcome of the litigation and where the attorney's fee is to be paid by a non-consenting opposing party.  While the fee agreement between plaintiff and plaintiff's counsel and the rates customarily charged by plaintiff's counsel in similar cases are relevant factors, Blanchard, 489 U.S. at 93; Moysis, 278 F.3d at 828,

they do not create "an automatic ceiling" to a reasonable fee.[1] Blanchard, 489 U.S. at 93; accord O'Brien v. B.L.C. Ins. Co., 768 S.W.2d 64, 71 (Mo. 1989) (en banc).

Based on plaintiff's counsel's experience, expertise, and performance in this case, consistent with the hourly rates recently approved by the court in sufficiently similar cases and consistent with the quality and expertise of counsel in the St. Louis metropolitan area, the court concludes that hourly rates of $350 for law firm partner attorney George Suggs and $250 for law firm associate attorney Christopher Chostner are reasonable in this case.[2]

**B.   Number of Hours Reasonably Expended**

The court has also examined the records submitted by plaintiff to determine the number of hours reasonably expended in this case. The court should deduct hours that are not reasonably expended. Hensley, 461 U.S. at 434. The fee applicant bears the burden of substantiating the claimed number of hours expended. Id. at 437.

Following defendant's response to their motion for fees, plaintiff's counsel reduced their claimed hours to the following:

Mr. Suggs:              182.2 hours
Mr. Chostner:           678.5 hours

Defendant challenges these claimed hours, because they represent work that duplicated effort, because certain entries are vague in their description of the work performed, because some work appears to have been performed in another case, and because some of the time was spent performing clerical work.

---

[1]To the extent defendant seeks to depose plaintiff's attorneys and their financial managers, these requests are denied. See Hensley, 461 U.S. at 437 ("A request for attorney's fees should not result in a second major litigation.").

[2]E.g., http://molawyersmedia.com/blog/2009/04/06/ billable-hours/ #City (last viewed on August 30, 2011).

**1.  Duplication of effort**

Defendant argues that many of plaintiff's attorneys' entries are attempts to recover for duplicate time billed by both attorneys.  "A court may reduce attorney hours, and consequently fees, for inefficiency or duplication of services in cases where more than one attorney is used."  A.J. ex rel. L.B. v. Kierst, 56 F.3d 849, 864 (8th Cir. 1995). Of particular relevance are indications in the submitted records that the effort of an attorney was not essential to the proper rendering of legal services to or on behalf of the client.  Betton, 2010 WL 2025333, at *6.

Non-compensable duplication does not occur when both attorneys work together to complete tasks and the record indicates that each attorney added substantial value to the work product.  In the operation of a law firm, good management requires the attorney who is a firm partner to supervise the work of an attorney who is a firm associate on a case in which both attorneys are engaged.  Such oversight is important to the firm and could, but does not necessarily, add substantial value to the associate's work product.

In this regard, the court is cognizant of the importance in this case of both Mr. Suggs and Mr. Chostner responding to defendant's motion for summary judgment and in preparing for trial.  The motion for summary judgment was well-prepared and well-supported, and the time spent by plaintiff's counsel drafting and editing plaintiff's motion responses was appropriate.

However, the submitted records indicate that on the occasions listed below on which law firm partner Suggs met with or reviewed the work of associate attorney Chostner, the records do not establish that these reviews by Mr. Suggs, while important to the overall operation of the firm, were essential to the representation of plaintiff in this action:

Dec. 17, 2009--.5 hr.
Mar. 11, 2010--1.5 hrs.
Mar. 12, 2010--.5 hr.
May 6, 2010--.5 hr.
May 26, 2010--.5 hr.
Oct. 20, 2010--1.0 hr.
Nov. 11, 2010--3.5 hrs.

Nov. 12, 2010--.7 hr.
Nov. 17, 2010--1.2 hrs.
Nov. 19, 2010--2 hrs.
Dec. 14, 2010--1.5 hrs. and
May 9, 2011--1.0 hr.
This time will be deducted from Mr. Suggs' time.

    **2.    Vague description of work--"Preparing for Trial"**

Defendants argue that 18 of plaintiff's attorneys' entries are excessive and too vague to permit compensation. Many of these entries state only, "Prepare for trial," in their description. (Doc. 124-1.)

While the court agrees that the description, "Prepare for trial," is somewhat vague, the entries are sufficient to permit compensation, given the timing and relative circumstances surrounding these entries. Bishop v. Pennington Cnty., No. CIV. 06-5066-KES, 2009 WL 1364887, at *4 (D.S.D. May 14, 2009) (entries of "prepare for trial" the week before and during trial sufficient to permit meaningful review); Rand-Whitney Containerboard v. Town of Montville, Civ. No. 3:96CV413 (HBF), 2006 WL 2839236, at *17-18 (D. Conn. Sept. 5, 2006) (entries of "prepare for trial" not overly vague).

    **3.    Work in another case**

Defendant argues that entries on April 27, June 9, and September 13, 2010 indicate work performed regarding a related but separate case of Eddy Clark v. Matthews International Corp.[3] The court credits the response of plaintiff's counsel that a review of certain documents in that case was important to counsel's representation of plaintiff West. Defendant's argument in this respect is overruled.

    **4.    Clerical work**

Defendant further challenges 7 entries, arguing that the amount of compensation should be deducted because that time was spent performing clerical work. Counsel for a prevailing party are not entitled to

---

[3] 639 F.3d 391 (8th Cir. 2011).

compensation at their attorney rates for performing clerical or non-legal work.  Weitz Co. v. MH Washington, 631 F.3d 510, 535 (8th Cir. 2011); Sellers v. Peters, 624 F. Supp. 2d 1064, 1069 (E.D. Mo. 2008).

Because some of the tasks for which Mr. Chostner seeks compensation were clerical in nature, the court will reduce Mr. Chostner's fee award by 1 hour.  See Sellers, 624 F. Supp. 2d at 1069.  The records also indicate that on July 12, 2010, Mr. Suggs expended .3 of an hour making arrangements for a deposition in Oakland.  This time will deducted from his attorney time.

### C.  Other factors

"The product of reasonable hours times a reasonable rate does not end the inquiry." Quigley v. Winter, 598 F.3d 938, 959 (8th Cir. 2010) (quotation omitted).  "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" Id. (citation omitted).

Here, plaintiff prevailed on his general claim of age discrimination and the jury awarded him compensatory damages.  The jury, however, ruled against plaintiff on his claim for punitive damages.  From the records, the court discerns one small item of time specifically described as having been expended on the issue of punitive damages, .3 hour in which Mr. Suggs and Mr. Chostner met on September 7, 2010.  This time will be deducted from their claims.

Although the amount of reasonable attorneys' fees exceeds the amount of the judgment, such a result is not uncommon in cases such as this, where issues are aggressively litigated. All-Ways Logistics, Inc. v. USA Truck, Inc., No. 3:06 cv 87 SWW, 2007 WL 4285410, at *12 (E.D. Ark. Dec. 4, 2007).  No other factors are present that would require departure from the lodestar amount in this case.

### D.  Costs

Plaintiff seeks $3,173.82 in costs incurred preparing and trying this case.  These costs consist of deposition fees, filing fees, witness fees, transcript fees, and service fees. (Doc. 124-1 at 14.)  "Expenses that are reasonable, necessary, and customarily billed to clients in the

relevant economic market are properly compensable as a component of a fee award." ACLU Neb. Found. v. City of Plattsmouth, Neb., 199 F. Supp. 2d 964, 968 (D. Neb. 2002).

Defendant does not challenge plaintiff's request for $3,173.82 and the court will award this amount as costs.

**E.  Total Award**

Based on the foregoing, fees and costs are appropriate as follows:
Attorney George Suggs:   $350/hour x 167.2 hours   =  $58,520.00
Attorney Christopher Chosnter:   $250/hour x 677.5 hours = $169,550.00
Costs:   $3,173.82

### III.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of plaintiff Gary Lee West for attorneys' fees is sustained.  Defendant shall pay plaintiff's attorneys fees accrued and costs incurred as follows:

a)   Attorney George Suggs in the amount of $58,520.00;

b)   Attorney Christopher Chostner in the amount of $169,550.00;

c)   Costs in the amount of $3,173.82.


　　　　　　　　　　　　　　　　　  /S/    David D. Noce      
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on September 6, 2011.